THE STATE, EDWARD BLOOM v. HENRY STENNER.

1. A justice of the peace has jurisdiction of an action for cutting or destroying growing trees, where the plaintiff can prove actual possession of the premises.
2. In such case, upon proof of the cutting and of possession, the plaintiff is entitled to recover the value of the trees.
3. If the defendant produces evidence that the plaintiff is entitled only to a temporary possession, and that the fee is in another, a question of

title is presented in the case, and therefore the justice must dismiss the suit, because he has not jurisdiction to try it.

On *certiorari.*

Argued at June Term, 1887, before Justices DEPUE, VAN SYCKEL and MAGIE.

For the plaintiff, *Paul A. Queen* and *R. S. Kuhl.*

For the defendant, *J. N. Voorhees.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This was an action of trespass on the case, instituted in a justice's court, charging the defendant with carelessly burning brush, and so negligently guarding it that the fire was communicated to lands of the plaintiff, and his rails, growing trees and blackberry bushes were destroyed.

On the trial of the appeal before the Hunterdon Pleas, the court refused to allow the plaintiff to prove the damage to the growing trees, on the ground that a justice of the peace had no jurisdiction to try a case involving such an injury.

In *Edgar* v. *Anness,* 18 *Vroom* 465, Mr. Justice Reed says that "in actions for trespass upon land, if the plaintiff rests his case upon proof of possession in fact, which was invaded, no question of title within the meaning of the Justices' act arises."

A justice of the peace has jurisdiction of an action of trespass for cutting down grass and growing trees, and digging and removing soil, and in such action possession only and the alleged trespass need be proved to support the action. *Gregory* v. *Kanouse,* 6 *Halst.* 62 ; *Winter* v. *Peterson,* 4 *Zab.* 524.

In the latter case the only damage charged was the cutting of a single tree, and a judgment for substantial damage was affirmed.

The plaintiff may prove actual possession, but cannot establish a constructive possession by production of documentary

or other evidence of his title. *Osborne* v. *Butcher*, 2 *Dutcher* 308; *Campfield* v. *Johnson*, 1 *Zab.* 83; *Hill* v. *Carter*, 1 *Harr.* 87; *Dickerson* v. *Wadsworth*, 4 *Vroom* 357.

"It is the necessity of producing title, other than mere possession, to establish the right of the plaintiff to sue; that is the test by which to determine whether any particular case is without the jurisdiction of the justice's court," is the language used by Mr. Justice Depue, in Dickerson *v.* Wadsworth.

There is no doubt that the action of trespass *quare clausum fregit* is cognizable in a justice's court, and that it can be maintained by one who can show himself to be in actual possession. There is no distinction in point of jurisdiction arising from the extent or character of the injury sought to be redressed, and no test of that character has been applied in the adjudicated cases.

The jurisdiction does not exist, only when the injury is transient, as the treading down of grass and herbage; and fails when it is permanent, as the cutting of growing trees, or subverting and carrying away the soil.

The plaintiff is not allowed in the former instance to rest on proof of mere possession, and bound in the latter to add some proof of title.

In either case, proof of title is unnecessary in any court, unless made essential by evidence produced or offered on the part of the defence.

If, in a justice's court, the defendant has a right superior to the plaintiff's right of possession, he must plead title.

Hence, in respect to jurisdiction, no distinction grows out of the extent of the injury committed.

This is the clear expression of the adjudications which have been made in this court. *Gregory* v. *Kanouse*, 6 *Halst.* 62; *Winter* v. *Peterson*, 4 *Zab.* 524; *Dickerson* v. *Wadsworth*, 4 *Vr.* 357.

In Gregory *v.* Kanouse, the state of demand in the justice's court charged the defendant with breaking and entering his close, and cutting down and destroying fifty trees and fifty saplings there growing. Judgment was recovered by the

plaintiff below, and the case was certified into this court. The contention here was that the cause of action was not within the jurisdiction of a justice of the peace, being in trespass for breaking and entering upon lands, and the *gravamen* in fact being a permanent injury. Chief Justice Ewing delivered the opinion of this court, affirming the judgment below. He reviews the previous adjudications on the subject, and says that as to the question of jurisdiction there is no necessary distinction growing out of the extent of the injuries which furnish the respective causes of action, and that the right of action is not denied in a justice's court where the injury is permanent, as the cutting down of growing trees.

In Dickerson *v.* Wadsworth, where an action had been brought in the Circuit Court for cutting trees on unenclosed woodland, of which the plaintiff had not actual possession, but to which he had title, the question certified to this court was whether the plaintiff was entitled to costs, he having recovered less than $100 damages.

Mr. Justice Depue, in delivering the opinion of the court, cites the case of Gregory *v.* Kanouse, and expressly puts the right of Dickerson to costs in the Circuit upon the clear distinction that Dickerson's possession was not actual, but constructive, and could be proved only by proving title. No allusion was made to the fact that the injury was of a permanent character. It seems to have been conceded in that case that if actual possession could be shown a justice of the peace would have jurisdiction.

*Vantyl* v. *Marsh*, 2 *South.* 507, and *Dixon* v. *Scott*, 3 *Harr.* 430, are not in conflict with the cases before referred to.

The former case was a suit in a justice's court for erecting and keeping up a mill-dam on the river Rahway, by means whereof the waters of the river were flowed back upon the lands' whereof the plaintiff had a tenancy in fee simple, so that his grass, wood, and standing timber were destroyed.

The latter was an action on the case in the Circuit Court, for maintaining and keeping up a dam, by which the plaintiff's meadows were overflowed. In one count of the declara-

tion the plaintiff claims that he is lawfully seized and possessed of the injured close. The jury rendered a verdict for the plaintiff for $5. The only question in this court was whether the plaintiff was entitled to costs. That these cases were properly decided, I think there can be no doubt whatever.

In both cases the plaintiff set up in his declaration title to the freehold; and the right of the defendant to erect and maintain his dam as it was at the time of the alleged injury necessarily raised a question of title, which is without the jurisdiction of a justice of the peace. Chief Justice Hornblower said that whenever the plaintiff must necessarily show title to recover the damages claimed, the justice has no jurisdiction. Assuming this to be the test, was it necessary to prove title in the principal case?

This point is put entirely at rest by the case of Todd *v.* Jackson, in the Court of Errors and Appeals, reported in 2 *Dutcher* 525.

That was not a case in a justice's court, but Chancellor Williamson, who delivered the opinion, discusses very fully what proof must be made by the plaintiff in an action of trespass *quare clausum fregit* to entitle him to recover for the full injury committed by the trespasser. He says, on page 537, that the injury done by the trespass was to the permanent injury of the freehold, and that the judge at the Circuit seemed to think that in order to entitle the plaintiffs to recover the full extent of the injury done, it was necessary for them to show title, and the Supreme Court adopted the same view. But he further says: "That in order to establish the materiality of the deed as evidence, you must maintain the broad proposition that in an action of trespass *quare clausum* it is necessary, in order to entitle the plaintiff to recover the full extent of damages done to the freehold, that he should prove his title to the inheritance. If the proposition be true, then if A bring an action against B for cutting down timber trees upon his land, or pulling down a house, A cannot recover the value of the building, or of the trees cut, unless he shows

·his title in the land in addition to his possession; I think it may be affirmed, with great confidence, that such a principle cannot be found laid down by any elementary writer, and that no respectable authority can be found for it. The action of trespass, both as to real and personal property, is a possessory action. A party in possession is *prima facie* the owner, and that possession will entitle him to recover to the extent of the injury done, unless the defendant show something in mitigation of the damages. If, then, the defendants could avail themselves of the principle laid down by the judge, 'that if the plaintiffs had no interest there beyond a naked possession, the amount of their recovery should be graduated by one scale,' it was incumbent on them, in order to entitle themselves to have the damages graduated by that scale, to prove that the plaintiffs had no interest beyond a naked possession, or to qualify the possession in some way. The defendants raised no such issue before the jury. They offered no evidence to qualify the possession of the plaintiffs. They did not rebut the *prima facie* case, which resulted from the fact of possession, that the plaintiffs were entitled to the full extent of the injury."

This clear and unmistakable exposition of the law on this subject by so eminent a judge, concurred in by a full court, including Chief Justice Green, leaves no room for controversy. It is applicable alike in all courts where the action of trespass *quare clausum* may be tried.

When the plaintiff proved his possession in the trial court below, he was entitled to be regarded *prima facie* as the owner, and that possession, in the language of Chancellor Williamson, entitled him to recover to the extent of the injury done, unless the defendant showed something in mitigation of the damages. If the plaintiff recovered to the extent of the injury done, that recovery would be a bar to any future suit by him as owner of the fee for the same injury. But if the plaintiff was in possession under another, and not the owner of the fee, how would the defendant protect himself from a suit by the reversioner, and from being coerced to pay twice for the same

injury? The defendant had a right, as Chancellor Williamson says, to set up in mitigation of damages that the title to the land was in a third person, to whom he would be responsible for the injury done to the reversionary interest, and not until then would a question of title arise in the case.

What will be the defendant's remedy in a justice's court in such a juncture, where it is not competent to try title to lands?

This question is clearly answered by three recent cases in this court.

If the defendant in a justice's court offers to prove title to lands, either in himself or another under whom he justifies, the justice should refuse the offer. The remedy is to plead title.

But if the offer is to prove absence of title merely in the plaintiff, and such evidence is relevant, the justice should dismiss the action for want of jurisdiction. *Messler* v. *Fleming,* 12 *Vroom* 108; *Jeffrey* v. *Owen,* 12 *Vroom* 260; *Edgar* v. *Anness,* 18 *Vroom* 465.

The first of these cases was a suit for rent in a justice's court.

The defendant offered a deed in evidence to prove that the title to the demised premises had passed out of the plaintiff, and that another person, his grantee, was entitled to recover the rent sued for. The justice refused to entertain this offer of defence, and proceeded to judgment against the defendant.

This court held that it was the duty of the justice to dismiss the case for want of jurisdiction.

This rule was approved in Jeffrey *v.* Owen, and again applied in the more recent case of Edgar *v.* Anness.

It was competent, therefore, for the plaintiff, upon proof of his possession in the case under review, to show the full extent of the damages done, and to recover to that extent in the absence of mitigating evidence.

If the fact was that the plaintiff was not the owner of the lands trespassed upon, or if the defendant could offer evidence to establish that fact, his proper course was to offer to do so in reduction of damages. That would have legally introduced

Cemetery Company v. Newark.

into the case a question of title, which the justice could not have tried, and it would, therefore, have been his duty to dismiss the suit for want of jurisdiction.

If it appears that the plaintiff is entitled only to temporary possession, and is not the owner of the fee, it has been the settled law, since the case of *Panton* v. *Isham*, 3 *Levinz* 359, that the plaintiff can recover merely for the injury to his possession, and the right to recover the substantial damages inheres in the reversioner. *Panton* v. *Isham*, 1 *Salk.* 19; *Evans* v. *Evans*, 2 *Campb.* 491; 1 *Add. on Torts* 311, § 362; 2 *Taylor L. & Ten,* § 771.

Hence it is competent for the defendant in trespass *quare clausum* to set up that the freehold is in another, and that involves a question of title not triable by the inferior tribunal. If the plaintiff wishes to avoid a dismissal of his suit he must ask for damages to the possession merely, admitting that he has no title.

The evidence offered by the plaintiff, on the trial below, was competent and admissible, and should not have been rejected.

The judgment should be reversed.